[No. 4479.]

## THE COUNTY OF VENTURA v. D. W. THOMPSON.

TAKING LAND FOR A PUBLIC ROAD.—Private property cannot be taken for a public highway without paying the owner the value thereof. The court cannot set off the benefits which will accrue to the owner by opening the road against the value of the land taken.

IDEM.—Proceedings for condemning land for a public road must conform to the statute regulating the exercise of the power of eminent domain.

APPEAL from the District Court, First Judicial District, County of Ventura.

On the 4th day of November, 1873, the requisite number of freeholders of the San Buena Ventura and Saticoy road districts, County of Ventura, petitioned the Board of Supervisors to open a public road from the town of San Buena Ventura to the western line of the rancho Santa Paula y Saticoy. The proposed road passed over the land of the defendant Thompson, taking ten acres of the same. The usual proceedings were had before the board, and the value of his land was assessed at three hundred dollars. The

money was tendered to Thompson on the 10th day of June, 1874, but he refused to receive it. Thereupon this action was commenced to condemn the land. The complaint is signed by B. T. and W. T. Williams, as attorneys for the defendant, and contains no averment that it was filed by authority of the district attorney or road commissioner. The complaint does not aver, nor was it found that the Board of Supervisors made an order causing the suit to be instituted. The court found the value of defendant's land to be thirty-five dollars per acre, and that the road passed over his land for a distance of one and a half miles, taking $10\frac{70}{100}$ acres, and that the cost of fencing on both sides of the road would be one thousand and nine hundred dollars. The court further found that the proposed road would be a benefit to the defendant and enhance his land to an amount more than equal to any damage which he would sustain by reason of opening the road. As a conclusion of law, the court found that the plaintiff was entitled to an easement over the land for the road. Judgment was thereupon rendered, granting the easement without any compensation to Thompson, and that he pay the costs. He appealed from the judgment.

The Political Code prescribes the manner of instituting and carrying on proceedings to condemn lands for public highways. A petition must be presented to the Board of Supervisors by a certain number of freeholders. The Board must proceed to have the survey made and appoint viewers, who must report to the board, among other things, the damage to the owner of the land over which the road passes. The board must then ascertain and declare the amount of damage awarded to each non-consenting landowner. If any person to whom damages are awarded refuses to accept the same the board must, by order, direct proceedings to procure the right of way to be instituted by the Commissioner of Highways or District Attorney of the county, in the manner provided in the Code of Civil Procedure. The Code of Civil Procedure requires actions to condemn private property for a public use to be brought in the District Court, and requires the court to assess the value

of the property sought to be condemned, and, if it constitutes a part of a larger parcel, the damages which will accrue to the portion not taken, and how much the part not taken will be benefited, and then provides that if the benefit equals the damages no compensation shall be allowed except the value of the portion taken; but if the benefit shall be less than the damages, the former shall be deducted from the latter, and the remainder shall be the only damages allowed, in addition to the value.

*W. H. L. Barnes,* for the Appellant, cited *Curran* v. *Shattuck* (24 Cal. 427); *Stanford* v. *Worn* (27 Cal. 171), and *Damrell* v. *Supervisors, etc.* (40 Cal. 154), and Sec. 1248 of the Code of Civil Procedure.

*Benjamin T. Williams,* for the Respondent, admitted that the judgment was erroneous in not awarding compensation for the land taken, but argued that the court might modify the judgment without directing a new trial.

By the COURT:

The judgment of the court below declared the land of defendant to be condemned for public use, without providing for compensation.

It is urged by respondent's counsel that, inasmuch as the court found the number of acres taken and the value per acre, the judgment may be modified here.

This may not be done, because the proceedings do not appear to conform to the statute regulating the exercise of the power of eminent domain.    Under the statute, if an award of damages is rejected, the Board of Supervisors may, by order, direct proceedings for condemnation to be instituted by the District Attorney.    The proceedings here, however, do not appear to be conducted by or under the direction of that officer, nor to have been ordered by the board.

Judgment reversed, and cause remanded.